IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Nataliia Nikoliuk,<br><br>Petitioner;<br><br>vs.<br><br>Markwayne Mullin, Joseph B. Edlow, Todd Blanche;<br><br>Respondents. | C/A No. 7:26-cv-02838-SAC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action filed by the petitioner, proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

## LITIGATION & PROCEDURAL HISTORY

By order filed July 17, 2026, the instant matter was opened as to the petitioner's claims against the respondents (doc. 1). The order opening this matter provided the petitioner with an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (*id*. at 4–6). The petitioner was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 4). The petitioner was also advised to keep the court informed as to her current address (*id*. at 5). The petitioner did not respond to the order. By order dated August 14, 2026, the petitioner was provided a second opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 3). The petitioner was warned for a second time that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The petitioner was

also advised to keep the court informed as to her current address (*id*. at 2). The petitioner did not respond to the second proper form order and the time for response has lapsed.

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). As noted above, this action was severed from another mandamus petition seeking injunctive relief from the respondents (*see* doc. 1). However, the instant matter is subject to dismissal because the petitioner has not complied with orders of this court to bring this case into proper form.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the petitioner;
>
> (2) the amount of prejudice to the respondent caused by the delay;

> (3) the history of the petitioner in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the petitioner has failed to bring this case into proper form (*see* docs. 1; 3). The proper form orders warned the petitioner of the consequences of failing to comply with instructions to bring this case into proper form, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (docs. 1 at 4; 3 at 1). The petitioner was also instructed in the orders to keep her address updated with the court (*see* docs. 1 at 5; 3 at 2). As such, despite a warning that this case may be dismissed for failing to comply with court orders, the petitioner has not provided the court with the required documentation. Accordingly, as the petitioner has failed to comply with the court's orders and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with orders of the court.

**<u>RECOMMENDATION</u>**

As noted above, the petitioner has failed to bring this case into proper form. Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court

dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable”). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

September 2, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).